IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN P. LOCKHART, ALICIA LOCKHART, AND DONNA LOCKHART, <br><br> Plaintiffs, <br><br> V. <br><br> RUSSELL ADAMS, ANDREW ROTMAN, TRENTON MASTERSON, JAMES WHITE, DIANE BRADY, KAREN KENSLER, BILLIE FORSYTHE, BRENDA BUCHANAN, CITY OF LAWRENCEVILLE, ILLINOIS, a municipal corporation, and LAWRENCE COUNTY, ILLINOIS <br><br> Defendants. | Case No. 21-cv-1033-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiffs Steven P. Lockhart, Alicia Lockhart, and Donna Lockhart filed a six-count amended against multiple defendants, including James White ("White") and Diane Brady ("Brady") (Doc. 61). On November 2, 2023, summary judgment was granted in favor of Brady (Doc. 149). On November 6, 2023, summary judgment was granted in favor of White (Doc. 151).

Now pending before the Court are bills of costs filed by White and Brady (Docs. 153, 160), both of which were subsequently amended (Docs. 163, 164). White seeks costs in the amount of $813.00 for his fees for printed or electronically recorded transcripts necessarily obtained for use in the case, while Brady seeks costs in the

amount of $603.00 for his fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

Plaintiffs were timely advised of the filings, and on November 29, 2023, notice was filed by the Clerk's office with the following language:

> "You are notified that several Amended Bill of Costs have been filed in this action. These costs will be adjusted and taxed by this office pursuant to Federal Rule of Civil Procedure 54(d) on December 13, 2023. Objections to these costs, if any, shall be filed on or before this date pursuant to SDIL-LR 54.2." (Doc. 165).

On December 12, 2023, plaintiffs filed an objection to the Bill of Costs filed by White, arguing that the Court should limit the requested amount and award only reasonably necessary costs in the amount of $454.00 (Doc. 166). The Court notes that plaintiffs did not file an objection to the Bill of Costs filed by Brady.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Although not delineated in the Federal Rules of Civil Procedure, the costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

The Court presumes that a prevailing party is entitled to costs as a matter of

course. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). However, the Court is vested with wide discretion to determine whether and to what extent costs may be awarded to the prevailing party. *Barber v. Rith,* 7 F.3d 636 (7th Cir. 1993).

Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.,* 854 F.2d 219, 222 (7th Cir. 1988)*; see also Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1242 (7th Cir. 1985) (stating that to overcome presumption, the losing party must show some fault, misconduct, default or action worthy of penalty by the prevailing side).

In this case, plaintiffs argue that White did not obtain the depositions of Lawrence County defendants, Adams, Rotman and Masterson, for use in this case, and thus contend that he should not be entitled to recover said costs. As such, plaintiffs seek to reduce White's Bill of Costs from $813.00 to $454.00.

The claim against White was brought pursuant to §1983 and alleged violations of the United States Constitution. This Court finds the depositions of Adams, Rotman, and Masterson, were necessary for White to argue his defense, and because he prevailed, he is entitled to recover said costs.

## CONCLUSION

For the reasons set forth above, this Court **OVERRULES** the objection filed by plaintiffs and directs the Clerk of Court to tax the costs against plaintiff in the amount of $815.00 as requested by White (Doc. 164). The Clerk of Court is further directed to tax the costs against plaintiff in the amount of 603.00 as requested by Brady (Doc. 163).

**IT IS SO ORDERED.**

**DATED:** <u>February 12, 2024</u>

<u>*/s/ Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
