## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN P. LOCKHART, et al.,

      Plaintiffs,

v.

RUSSELL ADAMS, et al.,

      Defendants.

Case No. 21-CV-01033-SPM

### MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiffs Steven P. Lockhart, Alicia Lockhart, and Donna Lockhart filed this action under 42 U.S.C. § 1983 against Defendants Russell Adams, Andrew Rotman, Trenton Masterson, and Lawrence County, Illinois. (Doc. 4.) A jury returned a verdict in favor of Defendants. (Doc. 228.). Now before the Court is Defendants' Bill of Costs (Doc. 234), to which Plaintiffs have filed objections (Doc. 236). For the reasons set forth below, the Bill of Costs is **GRANTED in part.**

Defendants seek $1,874.82 in costs associated with obtaining and creating copies of transcripts for use in this case. (Doc. 234.). Plaintiffs do not challenge the bulk of these expenses but object to two specific items: (1) $61.50 for copies of Lawrence County court documents, and (2) $99.57 for a copy of Steven Lockhart's deposition. (Doc. 236, pp. 1–2.).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute,

the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). However, recoverable costs are limited to the categories enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920(4) permits recovery of "[f]ees for exemplification and the costs of making copies of any materials necessarily obtained for use in the case." While a prevailing party may recover photocopying costs for materials prepared for use in presenting evidence to the Court, it may not recover costs incurred merely for the convenience of counsel. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (quoting *E.E.O.C. v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227–28 (7th Cir. 1980)).

Plaintiffs contend that the Lawrence County documents and the additional copy of Steven Lockhart's deposition were unnecessary because defense counsel already possessed these materials. (Doc. 236, pp. 1–2.) Defendants do not dispute this characterization. Accordingly, the Court finds that these copies were made for counsel's convenience rather than for use in presenting evidence to the Court. Thus, the Court will deduct these amounts, reducing the total taxable costs to $1,713.75.

For these reasons, Plaintiffs' Bill of Costs (Doc. 234) is **GRANTED IN PART**. The Clerk of Court is **DIRECTED** to tax Plaintiffs Steven P. Lockhart, Alicia Lockhart, and Donna Lockhart in the amount of $1,713.75.

**IT IS SO ORDERED.**

**DATED: May 6, 2026**

/s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**